UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CINDY JOHNSON, | ) | CASE NO. 1:07 CV 3135 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On October 12, 2007, plaintiff pro se Cindy Johnson filed this 42 U.S.C. § 1983 action against the City of Cleveland and City Prosecutor Victor Perez.  The complaint alleges defendants did not properly meet with plaintiff and pursue her assertion that her mother was murdered by University Hospitals.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222,
(continued...)

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Prosecutors are immune from liability for actions taken within the scope of their official duties. Imbler v. Pachtman, 424 U.S. 409 (1976). Further, refusal to investigate an alleged crime is not a civil rights violation. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 10/18/07*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

(...continued)
224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).